06-60344.o2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-60344 -CIV-BROWN

**THIS IS A CONSENT CASE**

NADIA GE,

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.

_____

### ORDER GRANTING RENEWED MOTION TO QUASH

**This matter** is before this Court on Plaintiff's Renewed Motion to Quash Third-Party Subpoena..., filed January 10, 2007. The Court has considered the motion, the response, and all pertinent materials in the file. There is no reply.

The motion at hand involves defendant's subpoena duces tecum to a non-party (Florida Atlantic University) for records of the plaintiff, who was a student there. The subpoena seeks admission records, financial records, and transcripts.

The first question is whether plaintiff has standing to object to the subpoena duces tecum. [1] Both parties agree that a party does not have standing to object to a subpoena to a third party unless that party has "personal rights" in the materials subpoenaed. See e.g. <u>Auto-Owners Ins. Co. V. Southeast Floating Docks, Inc.</u>, 231 F.R.D. 426, 428 (M.D. Fla. 2005). The question then to address is does plaintiff have personal rights in the materials subpoenaed. As noted in <u>Auto-Owners Ins. Co.</u>, supra, personal rights...whatever they are, are rights broader than those within the realm of privileged rights. Given the liberality of that definition, the Court must answer that question in favor of the plaintiff.

_____

[1] Plaintiff has raised an issue of proper notice to plaintiff before the service of the subpoena. Without addressing that issue, if plaintiff does not have standing to object, the issue becomes moot. Even if plaintiff does, a resolution of this motion allows plaintiff the opportunity to be heard and the failure can be remedied herein.

The next question deals with the scope of the subpoena duces tecum, and this requires (pursuant to cases cited by both parties) that the Court consider the relevancy of the materials sought under FRCP 26(b). The Court can find absolutely no showing of relevancy by defendant. This is a race based discrimination case against Walgreen Co. There is no showing as to how plaintiff's application to Florida Atlantic University is even remotely related to this case, much lees her application for financial aid or her transcript.

Defendant claims that the records may have information that bears on "for example, Plaintiff's asserted reason for her termination" (page 5 of the opposition). The application for admission along with reference letters and the like, according to defendant's own memorandum in opposition, came "on or about the same time she began working for Walgreens" (page 1 of the opposition). How this could have anything to do with reasons for a termination to occur at some unforseen time in the future is speculation at best and, based on this record, a total mystery to this Court. Likewise there is absolutely no showing how the other records sought have any bearing on anything remotely associated with this case.

Accepting as true that "Plaintiff testified that she sought counseling from a (sic) FAU counselor upon her separation from employment" (page 2 of the opposition), and further accepting that, thus far the alleged counselor has not been located, there is no showing how the records sought would be in any way helpful in locating said counselor, and nothing vaguely resembling "counseling records" has been sought by this subpoena duces tecum.

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**. Since defense counsel has advised the Court that said records are in counsel's possession, they are to be returned to the University, forthwith. Because the question of standing was a fair question, no sanctions will be imposed.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27 day of February, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE